Matter of Brown (2024 NY Slip Op 05528)

Matter of Brown

2024 NY Slip Op 05528

Decided on November 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 7, 2024

PM-216-24
[*1]In the Matter of Darlene Debra Brown, an Attorney. (Attorney Registration No. 4329926.)

Calendar Date:October 7, 2024

Before:Garry, P.J., Aarons, Pritzker, Lynch and Powers, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Nikolas S. Tamburello of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by this Court in 2005 and resides in Houston, Texas, where she appears to practice immigration law exclusively upon the strength of her New York licensure. In January 2024, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) received a client complaint concerning respondent, and respondent has since been nonresponsive to AGC's requests for a response to the complaint and has failed to appear for a scheduled examination. AGC now therefore moves, by order to show cause marked returnable October 7, 2024, to suspend respondent during the pendency of its investigation. Respondent has not provided a response to the motion.
In March 2024, AGC served respondent with a notice of complaint of professional misconduct alleging that respondent had neglected her client in an immigration matter resulting in an order of removal being issued against her client. Specifically, respondent's client had alleged that, after her previous attorney had retired, she retained respondent in September 2019 and, despite frequent text message communication with respondent, respondent failed to file a notice of appearance and she was thereafter removed in absentia. AGC directed respondent to provide a detailed response to the complaint and any supporting documentation. Shortly thereafter, respondent then requested an extension of time to submit her response to the complaint, noting her upcoming travel out of the country. However, despite AGC granting this request, respondent thereafter failed to provide a response to the complaint and was sent a second notice by AGC. Based upon respondent's failure to respond as directed, AGC then sent respondent a notice to appear for an examination and to produce records. The correspondence further directed respondent to provide AGC with her "complete file and all records with respect to [her] representation of [the client]." However, respondent failed to appear at the scheduled examination.
"A respondent may be suspended from practice on an interim basis during the pendency of an investigation or proceeding . . . upon a finding by the Court that the respondent has engaged in conduct immediately threatening the public interest" (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [a]). To this end, a "respondent's demonstrated failure to cooperate and comply with AGC's lawful demands not only constitutes professional misconduct immediately threatening the public interest, it also clearly jeopardizes the effectiveness of the attorney disciplinary system" (Matter of Gearing, 228 AD3d 1055, 1056 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]). Accordingly, " 'the mere failure to comply with a lawful demand of AGC during its investigation is sufficient to form the basis for a suspension' " (Matter of Gearing, 228 AD3d at 1056, quoting Matter of Barry, 198 AD3d 1255, 1258 [3d Dept 2021]).
Here, respondent initially requested additional time to respond [*2]to AGC shortly after receiving her first notice of complaint, however, she failed to do so. Based on her initial communication, and in the absence of any returned correspondence, it is clear that respondent received ample notice of the complaint against her and, instead, chose to ignore the lawful demands of AGC (see Matter of Canizio, 210 AD3d 1187, 1188 [3d Dept 2022]). Accordingly, we find that respondent's default in responding to AGC's repeated requests constitutes professional misconduct that immediately threatens the public interest (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [a]). We further find that respondent's conduct jeopardizes the effectiveness of the attorney disciplinary system (see Matter of Canizio, 210 AD3d at 1188; Matter of Nestler, 193 AD3d 1320, 1321-1322 [3d Dept 2021]). As such, we grant AGC's motion and suspend respondent during the pendency of AGC's investigation and until further order of this Court (see Matter of Canizio, 210 AD3d at 1188; Matter of Nestler, 193 AD3d at 1321-1322).
Garry, P.J., Aarons, Pritzker, Lynch and Powers, JJ., concur.
ORDERED that the motion by the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).